UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **Nature's Organic Haven LLC** | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| **Nature's Power Nutraceuticals Corp.** | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Nature's Organic Haven LLC ("Plaintiff"), and for its complaint against Defendant Nature's Power Nutraceuticals Corp ("Defendant"), states to the Court as follows:

**INTRODUCTION**

1. Plaintiff is a Missouri limited liability company that has a pending application for NATURE'S POWER for fruit juices; beverages, namely, non-alcoholic beverage containing fruit juices since April 30, 2014.

2. Defendant is a Delaware corporation that is the owner of a pending application for NATURE'S POWER NUTRACEUTICALS for dried fruits and vegetables in powder and extract form for use as ingredients in food, beverage and nutritional supplement products and dried herbs in powder and extract form for use as ingredients in food, beverage and nutritional supplement products that was filed on August 22, 2014.

3. Defendant has asserted that the use of the NATURE'S POWER trademark by Plaintiff for fruit juices, a retail juice product sold to the consuming public, violates Defendant's

1

intellectual property rights in NATURE'S POWER NUTRACEUTICALS, a wholesale product, sold to manufacturers for use as a natural ingredient used in food, beverages and nutritional supplement products.

4. This is an action for a declaratory judgment that Plaintiff has not, through the use of its NATURE'S POWER trademark for a fruit juice product sold to the consuming public, violated or infringed any intellectual property or other right of Defendant, including but not limited to any alleged trademark rights under federal or state law.

## THE PARTIES

5. Plaintiff is a Missouri limited liability company located and doing business at 78 Brown Road, Hermann, Missouri 65041.

6. Defendant is a California corporation located and doing business at 15171 S. Figueroa Street, Gardena, Californi 90248.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) and (b) (act of Congress relating to trademark and unfair competition), 1367(a) (supplemental jurisdiction), 2201(declaratory judgment as remedy) and 15 U.S.C. § 1051 *et. seq.* (Lanham Act).

8. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to the claims of this action occurred in this judicial district and because Defendant is subject to the Court's personal jurisdiction due to the business it conducts in this state and judicial district.

## FACTUAL BACKGROUND

9. In April, 2014, Plaintiff had a federal trademark search of the United States Patent and Trademark records done to see if there were any conflicting trademark applications or registrations to its use of NATURE'S POWER for a fruit juice product.

10. Since the search did not reveal any other party with a trademark application or registration for NATURE'S POWER or including the words NATURE'S POWER, Plaintiff filed on April 30, 2014 an Intent to Use application with the United States Patent and Trademark Office to reserve the trademark while it began development of the product and packaging. Applicant's mark was approved by the Trademark Examining Attorney who also did not find any conflicting trademarks.  The mark was published on October 14, 2014 and was not opposed.

11. In January 2015, Plaintiff received some organic ingredient samples from a company called NP Nutra and an invoice for the samples.  Attached as Exhibit A is a photograph of the label from the products received and Exhibit B is the invoice.

12. Plaintiff has produced the fruit juice product with the trademark NATURE'S POWER and is now offering it for sale to the general public.  Attached as Exhibit C is a photograph of Plaintiff's product label.

13. Sometime in 2011, Defendant dropped the use of Nature's Power Nutraceuticals Corp on its web site when the web site was redone. The tag line "Supplying Wholesale Natural Ingredients Since 1998" was added to the banner on the web site. See Exhibit D for a screen shot of the web site as used from 2011 until approximately sometime in  December, 2014

14. Upon information and belief, Defendant, upon receiving a communication from the Patent and Trademark Office in December, 2014 concerning its application, replaced on its

3

home page the heading *Welcome to NPNutra* to *Welcome to Nature's Power Nutraceuticals Corp (NP Nutra)*.

15. On February 19, 2015, Plaintiff received a cease and desist notice from Defendant's attorney expressing Defendant's objection to Plaintiff's use of NATURE'S POWER in connection with its fruit juice product and demanding that Plaintiff cease all use of the NATURE'S POWER trademark. In the cease and desist notice, Defendant's attorney stated that Defendant "will pursue all available remedies".

16. Upon information and belief, Defendant sometime in March 2015 added under the NP Nutra logo in the banner on its web site, the words NATURE'S POWER NUTRACEUTICALS.

17. Following the February letter, Plaintiff's attorney contacted Defendant's attorney and offered to resolve the matter by agreeing to limit the use its trademark to consumer products and also to agree to co-exist on the Patent and Trademark register since Defendant's trademark included the term NUTRACEUTICALS and its products were only sold to manufacturers who used the ingredients in their own products.

18. After several emails and telephone discussions, Defendant's attorney advised that Defendant was not interested in Plaintiff's settlement offer in an email dated March 31, 2015.

19 On April 15, 2015, Defendant's attorney sent Plaintiff's attorney another letter demanding that Plaintiff "cease all use and expressly abandon its trademark application" by April 27, 2015 or "we will pursue all available remedies". And in bold print added the following note: "Please take notice that NOH has a duty to preserve records related to this matter as evidence for a litigation proceeding".

4

20. The aforementioned correspondence from Defendant created a reasonable apprehension that Plaintiff would be sued by Defendant if it continued to use the NATURE'S POWER trademark in connection with its fruit juice product.

**COUNT I - DECLARATORY JUDGMENT
PLAINTIFF'S ACTIONS DO NOT CONSTITUTE TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114**

21. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

22. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of Plaintiff and Defendant with respect to any alleged violation of 15 U.S.C. § 1114 of the federal Lanham Act.

23. Plaintiff has not violated 15 U.S.C. § 1114 in that Plaintiff's use of the NATURE'S POWER trademark, in connection with its fruit juice products, is not likely to cause confusion, to cause mistake, or to deceive as to Defendant's use of Defendant's NATURE'S POWER NUTRACEUTICALS trademark in connection with Defendant's organic ingredients sold to manufacturers as an ingredient for the manufacture of other products.

24. Plaintiff respectfully requests that this Court enter judgment declaring that Plaintiff's use of NATURE'S POWER does not violate 15 U.S.C. § 1114 of the federal Lanham Act.

**COUNT II – DECLARATORY JUDGMENT
PLAINTIFF'S ACTIONS DO NOT CONSTITUTE FALSE DESIGNATION OF ORIGIN
UNDER 15 U.S.C. § 1125**

25. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

5

26. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as to the relevant rights, liabilities, and obligations of Plaintiff and Defendant with respect to any alleged violation of 15 U.S.C. § 1125 of the federal Lanham Act.

27. Plaintiff has not violated 15 U.S.C. § 1125 in that Plaintiff's use of the NATURE'S POWER trademark, in connection with its fruit juice products, is not likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Plaintiff's fruit juice product by Defendant.

28. Plaintiff respectfully requests that this Court enter judgment declaring that Plaintiff's use of NATURE'S POWER does not violate 15 U.S.C. § 1125 of the federal Lanham Act.

## COUNT III – DECLARATORY JUDGMENT
### PLAINTIFF'S ACTIONS DO NOT CONSTITUTE TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION UNDER STATE LAW

29. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, and 1367 as to the relevant rights, liabilities, and obligations of Plaintiff and Defendant with respect to any alleged violation of state trademark, unfair competition, or false advertising laws.

31. Plaintiff has not violated any state trademark, unfair competition, or false advertising laws through the use of its NATURE'S POWER trademark in connection with its fruit juice product.

32. Plaintiff respectfully requests that this Court enter judgment declaring that Plaintiff's use of NATURE'S POWER does not violate any state trademark, unfair competition, or false advertising laws.

### COUNT IV – DECLARATORY JUDGMENT
### PLAINTIFF'S ACTIONS DO NOT CONSTITUTE TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION UNDER COMMON LAW

33. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, and 1367 as to the relevant rights, liabilities, and obligations of Plaintiff and Defendant with respect to any alleged violation of state common law concerning trademarks, unfair competition, or false advertising.

35. Plaintiff has not violated any state common law concerning trademarks, unfair competition, or false advertising through the use of its NATURE'S POWER trademark in connection with its fruit juice products.

36. Plaintiff respectfully requests that this Court enter judgment declaring that Plaintiff's use of NATURE'S POWER does not violate any state common law concerning trademarks, unfair competition, or false advertising.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Natures Organic Haven, LLC prays for Judgment against Defendant as follows:

1. Declaring that Plaintiff's use of NATURE'S POWER does not violate 15 U.S.C. § 1114 of the federal Lanham Act, nor infringe any of Defendant's trademarks;

2. Declaring that Plaintiff's use of NATURE'S POWER does not violate 15 U.S.C. § 1125 of the federal Lanham Act, nor infringe any of Defendant's trademarks;

3. Declaring that Plaintiff's use of NATURE'S POWER does not violate any state trademark, unfair competition, or false advertising laws, nor infringe any of Defendant's trademarks;

4. Declaring that Plaintiff's use of NATURE'S POWER does not violate any state common law concerning trademarks, unfair competition, or false advertising, nor infringe any of Defendant's trademarks;

5. Permanently enjoining Defendant, its agents, servants, licensees, employees, attorneys, affiliates, associates, and those persons or entities in active concert or participation with Defendant, from interfering with Plaintiff's business, threatening litigation, or otherwise making statements that Plaintiff has infringed or is infringing any rights of Defendant;

6. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this lawsuit; and

7. Awarding to Plaintiff any such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Natures Organic Haven, LLC

By:     /s/ Annette P. Heller                              Dated: 4/24/15
Annette P. Heller (MO #26748)
Heller & Associates
400 Chesterfield Center, Suite 400
Chesterfield, MO 63017
Tel: (314) 469-2610
Fax: (314) 469-4850
tmattorneyheller@aol.com

*Attorney for Plaintiff  Natures Organic Haven, LLC*

**EXHIBIT A**



NP Nutra
15171 S Figueroa St
Gardena, CA. 90248-US
ph: 310-694-3031
www.npnutra.com

**Mangosteen Super Orac Powder Organic**
Lot Number: THOG5063206
Net Weight: 100gm
Made in Thailand



NP Nutra
15171 S Figueroa St
Gardena, CA. 90248-US
ph: 310-694-3031
www.npnutra.com

**Kelp Powder Organic**
Lot Number: CHOG4052005
Net Weight: 100gm
Made In China

**EXHIBIT B**

**NP NUTRA**
15171 S. Figueroa St
Gardena, CA 90248 - US
Phone: 1-310-694-3031
Fax: 1-310-606-2069


www.npnutra.com
admin@npnutra.com

Order No. 28204
Date 01/06/2015
Customer No. 18460
Due date 01/06/2015

## PRO FORMA INVOICE

| Bill to: | Ship to: |
|---|---|
| **NATURE'S ORGANIC HAVEN, LLC**<br>Attn. Phyllis A. Hannan<br>78 Brown Road<br>HERMANN, MO 65041<br>U.S.A.<br>5734865000 | **NATURE'S ORGANIC HAVEN, LLC**<br>Attn. Phyllis A. Hannan<br>78 Brown Road<br>HERMANN, MO 65041<br>U.S.A.<br>5734865000 |

| P.O.Number | Terms | Owner | Ship Date | Shipping Via | F.O.B. |
|---|---|---|---|---|---|
| 1418 | Unknown | Paul Dunlap | - | FedEx | |

| No. | Product/Service | Lot # | U.M. | Qty | Unit Price | Price |
|---|---|---|---|---|---|---|
| 1 | [782] Mangosteen Super ORAC - Organic | THOG5063209, | Kg | 2 | $24.95 | $49.90 |
| 2 | [740] Kale Powder Organic | CHOG4052011, | Kg | 1 | $19.90 | $19.90 |

|  |  |
|---|---|
| Shipping | $17.36 |
| Tax (0.0%) | $0.00 |
| **Total** | **$87.16** |

Rec'd
2/6/15
KJ

PD
1/26/15
Ck# 1177
87.16

**EXHIBIT C**





3.75" x 7.74"
Pressure Sensitive Label

11648 Cody
Overland Park, KS 66210
Office: 913-491-8051
Cell: 913-707-3070
icon@everestkc.com

Nature's Organic
Nature's Power Label
Proof #14
August 26th, 2014

Black  Magenta
Cyan   Yellow

**EXHIBIT D**



http://www.npnutra.com/    Go    FEB **JUL** DEC   Close
103 captures                         **20**
26 Oct 05 - 26 Mar 15          2013 **2014** 2015   Help

# NP Nutra

*Supplying Wholesale Natural Ingredients Since 1998*

Search



## Superfruits Bursting with Antioxidants

| HOME | ABOUT US | CONTACT US | PRODUCTS | QUALITY | SAMPLES | LOGIN | FAQ |

**GO ORGANIC**
Revolutionizing the industry
Nutra Organics

**PRODUCT LIST**
Download our extensive wholesale list of the worlds most pure botanical extracts

**CONTACT US**
Communicate with one of our representatives



## Welcome to NP Nutra

As the premier global supplier of botanical ingredients and extracts, we have gained a reputation for unmatched quality, outstanding customer service and competitive prices.

Whether you are looking for certified organic superfruits, such as Acai, Mangosteen or Noni, or are looking for custom formulations and blending, NP Nutra is here to satisfy your business needs. We supply cutting edge natural products (including rare exotic ingredients) to the Nutritional Products, Functional Foods and Beverages and Natural Cosmetics industries.

Contact us today to discover the benefits of working with NP Nutra!

*"We are passionate about natural health and that is one of the keys to our success. We research, source and supply only the most pure and potent ingredients available on the market today. We care about every aspect of the business, from the workers who help grow the ingredients, to the businesses who buy our products, to the consumers who are seeking better health."* —Thomas Walton, Founder NP Nutra

### What's New on Our Blog:

**MacaXtra™**

Here at NP Nutra, we take our commitment to product quality seriously so it is with great pride that we announce the launch of our newest signature...

~ Oct 25, 2013

Read more

### Live Twitter Feed

Tweets by @NPNutra

Contact Us

our Blog                  

Content on this site Copyright © 2014 NP Nutra Inc. All rights reserved.